## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LARRY J. MCKENDALL,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO.  23-6294**

**UNITED STATES OF AMERICA,**
    **Defendant**

**SECTION: "E" (1)**

## ORDER AND REASONS

Before the Court is Defendant, United States of America, who filed a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) for lack of jurisdiction. [1] Plaintiff, Larry McKendall, proceeding *pro se*, filed an opposition.[2]

## BACKGROUND

On October 18, 2023, Plaintiff filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging "fraud, discrimination, breach of [a] conditional agreement related to an EEO complaint," and a workers' compensation claim for "tampering and altering of medical records to change the facts of an on-the-job injury."[3] Plaintiff alleges he was injured in 2001, and again in 2006, while working for the Army Corps of Engineers.[4] Plaintiff alleges he was denied workers' compensation benefits on the basis of racial discrimination.[5] Plaintiff also alleges that individuals overseeing his claim committed a "fraudulent act to conceal the true nature and cause" of Plaintiff's

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] R. Doc. 1, p. 1.
[4] *Id.* at pp. 2-11.
[5] *Id.*

injuries.[6] Plaintiff seeks "full medical retirement under a disability" from the date of his retirement on January 1, 2013.[7]

The Government filed a Statement of Related Cases pursuant to Local Rule 3.1.[8] The statement references three prior cases filed before this Court arising out of the same factual circumstances. In the first case, filed in 2011, Plaintiff sued the Army Corps of Engineers, alleging racial discrimination in the denial of his workers' compensation claim after sustaining injuries in 2001 and 2006.[9] Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction based on sovereign immunity.[10] The Court granted the motion to dismiss and dismissed Plaintiff's claims without prejudice.[11]

In the second case, filed in 2014, Plaintiff sued the Army Corps, alleging he had been unfairly and discriminatorily denied workers' compensation benefits relating to an on-the-job injury in 2001 that reoccurred in 2006.[12] After being granted leave to file an amended complaint,[13] the Defendant again filed a motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity.[14] The Court recognized the suit as "nearly identical" to the first lawsuit and dismissed Plaintiff's complaint without prejudice for failure to identify a "clear and unequivocal" waiver of sovereign immunity.[15]

In the third case, filed in 2015, Plaintiff sued the Army Corps, asserting § 1983[16] claims, breach of contract claims, and discrimination claims for being denied medical

---

[6] *Id.* at pp. 10-11.
[7] *Id.* at p. 11.
[8] R. Doc. 12.
[9] *McKendall v. U.S. Army Corps of Eng'rs New Orleans Dist.*, No. 11-2964, (E.D. La. 2011).
[10] R. Doc. 21 (No. 11-2964).
[11] R. Doc. 37 (No. 11-2964).
[12] *McKendall v. U.S. Army Corps of Eng'rs New Orleans Dist.*, No. 14-2470, (E.D. La. 2014).
[13] R. Doc. 13 (No. 14-2470).
[14] R. Doc. 12 (No. 14-2470).
[15] R. Doc. 21 (No. 14-2470).
[16] 42 U.S.C. § 1983.

benefits after his on-the-job injuries sustained in 2001 and 2006.[17] The Government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[18] The Court, finding that Plaintiff failed to identify a waiver of sovereign immunity, granted Defendant's motion to dismiss for lack of subject-matter jurisdiction and dismissed the suit with prejudice.[19]

Relevant to the instant motion, the Government argues that Plaintiff's claims should be dismissed because he (1) failed to present an administrative tort claim to the agency within two years of the date his claims accrued, as required by the FTCA, and alternatively, (2) the intentional tort exception to the FTCA states that the Act does not apply to allegations of intentional misconduct, such as fraud, cover-up, or deceit.[20]

## **LEGAL STANDARD**

### I.    **Rule 12(b)(1) Standard**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[21] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[22] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[23] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or

---

[17] *McKendall v. U.S. Army Corps of Eng'rs New Orleans Dist.*, No. 15-2631, (E.D. La. 2015).
[18] R. Doc. 17 (No. 15-2631).
[19] R. Doc. 19 (No. 15-2631).
[20] R. Doc. 22, pp. 1-2.
[21] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[22] 28 U.S.C. § 1332(a).
[23] *See* FED. R. CIV. P. 12(b)(1).

constitutional power to adjudicate the case."[24] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[25] "Moreover, courts, including this Court, have an independent obligation to determine whether subject matter jurisdiction exists."[26] "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."[27] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[28]

## II.    Rule 12(b)(6) Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[29] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual

---

[24] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[25] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[26] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[27] *Id.*
[28] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cwillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[31] *Id.*

conclusions will not suffice to prevent a motion to dismiss."[32] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[33]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[34] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[35] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[36] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[37] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[38] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[39]

## LAW AND ANALYSIS

First, Defendant argues that, because the FTCA includes only a "limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal

---

[32] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[33] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[34] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[35] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[36] *Iqbal*, 556 U.S. at 679.
[37] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[38] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[39] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

government," it is Plaintiff's burden to demonstrate there has been a waiver of sovereign immunity and a basis for Plaintiff's FTCA claim.[40] Defendant argues that the statute of limitations for FTCA tort actions is two years from the occurrence of the underlying incident.[41] Defendant points out that Plaintiff alleges in his complaint that his first work injury occurred in 2001, and the second occurred in 2006.[42] Defendant argues that, because Plaintiff did not file an administrative tort claim with the Army Corps of Engineers until February 20, 2023, he did not timely administratively exhaust his claim, and his FTCA lawsuit is barred.[43] Second, Defendant argues there has been no waiver of sovereign immunity because Plaintiff's claims of fraud and deceit fall under the intentional tort exception to the FTCA, which is enumerated in 28 U.S.C. § 2680(h).[44] Defendant argues that, as a result, this Court lacks jurisdiction to adjudicate Plaintiff's claims.[45]

In his opposition, Plaintiff argues the documents attached to his complaint demonstrate "there was a fraudulent scam being concocted."[46] Plaintiff argues the government improperly seeks to bar the Court from reviewing his claims.[47] Plaintiff acknowledges that "the FTCA does not apply to allegations like those asserted here: cover-up, fraud, and deceit."[48] Plaintiff further acknowledges that "while there is a time limit of two years the discovery rule also states that the time limit may begin when the claimant reasonably discovers the issue."[49] Plaintiff separately filed a motion to Amend/Correct his

---

[40] R. Doc. 22-1, p. 5.
[41] *Id.*
[42] *Id.* at p. 6.
[43] *Id.*
[44] *Id.* at pp. 6-7.
[45] *Id.*
[46] R. Doc. 23-1, p. 2.
[47] *Id.* at p. 4.
[48] *Id.* at p. 3.
[49] *Id.*

response to Defendant's motion to dismiss to "correct a typing error that was made in [the] closing statement . . . as it is state[d] 'pray that this Motion not be granted' the way it should read is, 'Motion [to Amend/Correct] be granted.'"[50] The Court granted the motion to amend/correct.[51]

## I. To the extent Plaintiff asserts claims for fraud and deceit, there is no waiver of sovereign immunity, and the Court lacks jurisdiction to adjudicate these claims.

"'In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment."[52] "The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment."[53]

28 U.S.C. § 2680 provides for several exceptions to the waiver of sovereign immunity, which, if applicable, limit a federal court's jurisdiction to hear the action and bar suit against the government.[54] In particular, 28 U.S.C. § 2680(h) states:

> [t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . . (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .[55]

When a plaintiff brings an FTCA claim based on allegations of misrepresentation or deceit, courts within the Fifth Circuit apply a two-part test to determine whether the

---

[50] R. Doc. 24.
[51] R. Doc. 26.
[52] *Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 212 (1994)). *See* 28 U.S.C. § 1346(b).
[53] *Brownback*, 592 U.S. at 211. The intentional tort exception to the FTCA provides for a "law enforcement proviso," allowing suits to proceed against investigative or law enforcement officers acting in the scope of their employment. *See Millbrook v. United States*, 569 U.S. 50 (2013). For this exception-to-the-exception to apply, the government employees must be law enforcement officers. *See Campos v. United States*, 888 F.3d 724, 737-38 (5th Cir. 2018). The law enforcement proviso is inapplicable to the facts in this case.
[54] *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).
[55] 28 U.S.C. § 2680(h).

claim is barred.[56] First, the court assesses "whether the chain of causation from the alleged negligence to the injury depends [ ]on a misrepresentation by a government agent."[57] This involves assessing "whether the underlying governmental conduct essential to the . . . claim can be fairly read to arise out of conduct that would establish an excepted cause of action."[58] Courts have found this exception covers both intentional and negligent misrepresentations as well as misrepresentations resulting from omissions.[59] However, "if a plaintiff bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in section 2680(h), then the plaintiff's suit is not barred."[60] "So long as some aspect of the conduct upon which a plaintiff bases a tort claim does not constitute a tort listed in section 2680(h), the suit is not barred."[61]

Second, "if the plaintiff's claim does depend on a misrepresentation, [a court] must determine 'whether Congress has nonetheless waived sovereign immunity independently of the FTCA.'"[62] When a plaintiff fails to allege another applicable waiver of sovereign immunity outside the FTCA, the "case turns on the first step."[63] In this case, Plaintiff has not alleged another applicable waiver of sovereign immunity.

The Court must address threshold jurisdictional inquiries before considering an alternative motion under 12(b)(6).[64] In his complaint, Plaintiff frames his claim as a

---

[56] *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1031-32 (5th Cir. 2011).
[57] *Id.* at 1031.
[58] *Id.* at 1032; *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993) (citing *United States. Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991)) (A court assesses whether "the underlying governmental conduct 'essential' to the plaintiff's claim can be fairly read to 'arise out of' conduct that would establish an excepted cause of action.").
[59] *See McNeily*, 6 F.3d at 347; *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987).
[60] *Truman*, 26 F. 3d at 595.
[61] *Id. See Block v. Neal*, 460 U.S. 289, 298 (1983).
[62] *Id.* (citing *Com. Union Ins. Co. v. United States*, 928 F.2d 176, 179 (5th Cir.1991)).
[63] *Id.*
[64] *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam).

"federal tort claim."[65] Plaintiff asserts "[t]here was allegation of fraud, discrimination, a breach of conditional agreement related to an EEO complaint filed, and . . . tampering and altering of medical records to change the facts of an on-the-job injury."[66] Plaintiff alleges various government employees committed a "fraudulent act to conceal the true nature and cause of" his injuries, such as "Theresa," who "knew what was her intention . . . to defraud Aetna."[67] Plaintiff alleges he sustained damages and mental anguish as a result of the fraudulent acts, that he was unable to obtain needed medical care as a result of the misrepresentations, and that he sustained a second injury in 2006 because he was forced to return to work.[68] Plaintiff also alleges he is entitled to full medical disability benefits from the date of his retirement in January 2013.[69]

To the extent Plaintiff's claims are based in conduct described in § 2680(h), Plaintiff's claims entirely "arise out of" intentional torts included in the exception to the waiver of sovereign immunity.[70] As a result, the Court lacks jurisdiction for these claims. and they are dismissed.

## II.    Plaintiff's remaining claims are barred because Plaintiff failed to present them to the appropriate federal agency within two years of the claims' accrual, a prerequisite to filing a tort suit against the United States.

For a plaintiff to maintain a suit against an employer under the FTCA, the court must first determine whether the claimant properly exhausted his administrative remedies.[71] FTCA tort actions are barred against the government "unless [the claim] is

---

[65] R. Doc. 1, p. 1.
[66] *Id.*
[67] R. Doc. 1, p. 10.
[68] *See id.*
[69] *Id.*
[70] Plaintiff does not identify any other applicable waiver of sovereign immunity.
[71] *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

first presented to the appropriate federal agency 'within two years after such claim accrues.'"[72] "The general rule under the FTCA is that a tort action accrues at the time of a plaintiff's injury."[73] "A cause of action under federal law accrues within the meaning of § 2401(b) 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"[74] Otherwise, the Fifth Circuit has held that the discovery rule applies to FTCA claims such that "a claim accrues when a plaintiff knows both her injury and its cause."[75] The Supreme Court has also held that the FTCA's time bars "are nonjurisdictional and subject to equitable tolling."[76] Thus, the FTCA's statute of limitations is an "affirmative defense for which the Government has the burden of proof," and courts should assess a statute of limitations defense under Rule 12(b)(6) rather than 12(b)(1).[77]

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[78] For example, equitable tolling may lie when a defendant's intentional concealment of information causes the plaintiff to be unaware of the facts giving rise to the claim.[79] For the two-year limitations period to be equitably tolled, a plaintiff must prove two elements: (1) that "the defendants concealed the conduct complained of," and (2) "that the plaintiff failed, despite the

---

employment unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989).

[72] *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir.2006) (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)). 28 U.S.C. § 2401(b).

[73] *Id.*

[74] *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999)).

[75] *Trinity Marine Prod., Inc. v. United States*, 812 F.3d 481, 488 (5th Cir. 2016) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir.2011)) (abrogated on other grounds by *United States v. Wong*, 575 U.S. 402 (2015)).

[76] *Wong*, 575 U.S. at 420.

[77] *Trinity Marine*, 812 F.3d at 486.

[78] *Id.* at 488-89 (quoting *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002)).

[79] *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

exercise of due diligence on his part, to discover the facts that form the basis of his claim."[80]

In this case, Plaintiff alleges he suffered an on-the-job injury on July 16, 2001.[81] Plaintiff alleges that, from 2001 to 2003, certain employees withheld his medical records and fraudulently acted to conceal the nature of the injuries, resulting in a denial of his workers' compensation claim.[82] Plaintiff alleges employees at the Army Corps tried "to cover up the first injury," and Plaintiff claims the cover up led to his second injury in 2006 after he returned to work, and his claim for recurrence was denied.[83] Plaintiff attaches a decision letter from the Department of Labor accepting his claim for injury of Lumbar Strain, but denying his claim for degenerative disc disease.[84] Plaintiff alleges as early as January 31, 2002, he contacted Congressman Vitter's office about his "situation."[85] In a letter dated January 31, 2002, Plaintiff's claim was upgraded to "Aggravation of Lumbar Degenerative Disc Disease."[86] In a letter dated February 25, 2002, Plaintiff is described as being permitted to return to work.[87] Plaintiff alleges in his complaint that there is a discrepancy between the diagnoses and medical records relied upon and the classification of his injury.[88] Plaintiff attaches records (1) detailing the denial of his claim for recurrence due to his 2006 injury, and (2) demonstrating Plaintiff's disagreement with the denial.[89] Plaintiff also attaches documentation from his suspension from the Army Corps on June

---

[80] *Trinity Marine*, 812 F.3d at 489 (quoting *Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1528 (5th Cir. 1988)).
[81] R. Doc. 1, p. 10.
[82] *Id.*
[83] *Id.* at pp. 7, 10.
[84] R. Doc. 1-1, p. 26.
[85] R. Doc. 1, p. 4.
[86] R. Doc. 1-1, p. 30.
[87] *Id.* at p. 32.
[88] R. Doc. 1, p. 4.
[89] *See generally* R. Doc. 1-1.

5, 2012.[90] Plaintiff alleges "they [were] out to fire him" after this date.[91] Plaintiff alleges

that when he informed employees that he was making his "claim of Federal Tort," they

represented they had no knowledge of where his records were located, causing Plaintiff to

believe "it started to look like a major coverup."[92]

In his opposition, Plaintiff argues that he "had no knowledge" of his claim within

two years from the date of the injury.[93] Plaintiff mentions the discovery rule and argues

that "the time limit may begin when the claimant reasonably discovers the issue."[94]

Plaintiff does not clearly allege when he had knowledge of the conduct giving rise to his

claim.

The attachments and allegations in Plaintiff's complaint demonstrate that, even

under the discovery rule and in construing the allegations in the light most favorable to

the Plaintiff, Plaintiff's claim has long since accrued, and Plaintiff failed to properly

exhaust his claim with the proper agency within two years of the claim's accrual. Plaintiff's

first injury occurred on July 16, 2001.[95] The allegations in Plaintiff's complaint

demonstrate that Plaintiff acquired knowledge of the complained-of conduct throughout

the years 2001-2012, revealing the possibility that he had claims at that time.[96] Plaintiff

alleges it "started to look like a major coverup" after he was suspended from the Army

Corps and employees "had no knowledge of where [his records] may be."[97] Furthermore,

Plaintiff filed his first lawsuit on December 2, 2011, asserting claims of misrepresentation

---

[90] *Id.* at p. 105.
[91] R. Doc. 1, p. 10.
[92] *Id.*
[93] R. Doc. 23-1, p. 2.
[94] *Id.* at p. 3.
[95] R. Doc. 1, p. 10.
[96] *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (describing proper administrative exhaustion when an agency claim "reveals the possibility" the legal cause of action).
[97] R. Doc. 1, p. 10.

arising out of the same workplace injuries as those in the instant suit.[98] Plaintiff does not allege that United States or its agents intentionally concealed the conduct complained of during this time or that the time period for accrual should be equitably tolled for any other reason. Construing the allegations in Plaintiff's complaint generously, Plaintiff had knowledge of the conduct underlying his claims when he filed his first lawsuit in December 2011, or, as alleged after his suspension in 2012.[99] At the latest, Plaintiff's claim accrued in 2012, and Plaintiff failed to administratively exhaust his FTCA claim within the necessary two years pursuant to 28 U.S.C. § 2401(b).[100]

While Plaintiff provides documentation that he made an administrative claim to his complaint, Plaintiff's claim is untimely because the administrative complaint was not filed within two years of his injury accrual. Plaintiff attaches to his complaint a letter from the Tort Claims Division of the United States Army Claims Service, which is dated September 21, 2023.[101] The notice "constitute[d] final administrative action on [his] claim against the United States" relating to his workers' compensation benefit card which had an effective date of July 28, 2015.[102] The documentation also states Plaintiff filed his administrative claim on February 23, 2023, approximately twenty-two years after the original workplace injury, seventeen years after the 2006 injury, twelve years from the date of Plaintiff's first lawsuit, and eleven years after Plaintiff's suspension from the Army

---

[98] *McKendall v. U.S. Army Corps of Eng'rs New Orleans Dist.*, No. 11-2964, (E.D. La. 2011).

[99] R. Doc. 1, p. 10.

[100] 28 U.S.C. § 2401(b).

[101] R. Doc. 1-1, p. 3.

[102] *Id.* From the attached denial letter, Plaintiff seemed to have structured his administrative claim around the existence of an allegedly fraudulent worker's compensation card with an effective date of July 28, 2015. Plaintiff alleges in his complaint that this administrative claim was connected to the "22 years living in pain and not having the medical care for [his] problem and what was done with the medical records of [the] first surgery." R. Doc. 1, p. 2. The Tort Claims Division found that the claim violated the statute of limitations of "within two years of accrual of the alleged injury or damage." R. Doc. 1-1, p. 4. The Court agrees.

Corps of Engineers.[103] Plaintiff's remaining FTCA claims are barred because he failed to exhaust his administrative remedies. Plaintiff fails to state a claim under Rule 12(b)(6).

Accordingly;

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Defendant's Motion to Dismiss[104] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims based on fraud and/or other intentional torts and are **DISMISSED** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's prescribed claims are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 18th day of February, 2025.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[103] *Id.* at p. 1.
[104] R. Doc. 22.